■ BRAMPTON TEXTILES, LTD., Respondent, v ARGENTI, INC., Appellant.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered January 12, 1989, which directed the entry of judgment against the defendant in the amount of $90,525.26 upon a jury verdict, and severed the cause of action for attorneys' fees, unanimously affirmed with costs.

Plaintiff commenced this action to recover for defendant's breach of a contract for the sale of a quantity of fabric, which defendant refused to pay for on the ground that the fabric was defective. We find no error in the court's instruction to the jury that two documents signed by the parties, which disclaimed all warranties for "novelty fabrics", constituted the agreement of the parties, and that such other terms as were contained in defendant's purchase were not controlling. Nor did the court err in refusing a request to charge the jury on UCC 2-719 (2). While a contract for the sale of goods, by virtue of that section, must provide a fair quantum of remedies for breach, nothing in that section precludes parties to a contract from disclaiming remedies, or more particularly, precludes a seller of goods from excluding implied warranties. (See, UCC 2-316.) The court, therefore, properly charged the jury not to consider the alleged defects in the fabrics. In any event, the jury in fact found, in response to a special interrogatory, that the goods were not defective, and we therefore see no prejudice to the defendant if indeed any error had occurred. The court's charge conveyed to the jury that their determination

whether the goods were defective was a question distinct from whether there had been a breach of the contract. Concur— Kupferman, J. P., Carro, Milonas and Smith, JJ.